**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-6566

OLANDIO RAY WORKMAN,

Plaintiff - Appellant,

v.

DOROTHY MANIGAULT; GREENVILLE COUNTY PUBLIC DEFENDERS OFFICE; JOHN I. MAULDIN,

Defendants – Appellees,

and

BILL M., Engineered Product Inc. Co.; MONTRE JETER; CALEB DAVIS; CHRIS MATTERN; TEE BROKISKIE; MICHAEL COMPOS,

Defendants.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  R. Bryan Harwell, District Judge.  (6:16-cv-04002-RBH)

Submitted:  August 17, 2017                    Decided:  October 3, 2017

Before KEENAN, THACKER, and HARRIS, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

Olandio Ray Workman, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Olandio Ray Workman seeks to appeal from the portion of the district court's order accepting the recommendation of the magistrate judge and dismissing without prejudice his 42 U.S.C. § 1983 (2012) complaint against Dorothy A. Manigault, John I. Mauldin, and the Greenville County Public Defender's Office.* We dismiss the appeal as interlocutory and remand for further proceedings.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545–47 (1949). The district court dismissed the complaint against the Defendants on the ground that they were not acting under color of state law. Because Workman may be able to remedy the deficiencies by filing an amended complaint, *see Polk Cty. v. Dodson*, 454 U.S. 312, 324–25 (1981) (holding that generally appointed attorney does not act under color of state law, but leaving open the question of whether appointed attorneys act under color of state law in "certain administrative and possibly investigative functions"); *see also Tower v. Glover*, 467 U.S. 914, 920 (1984) (defense counsel's conspiracy with state officials to deprive a client of constitutional rights constitutes action under color of state law); *Branti v. Finkel*, 445 U.S. 507 (1980) (holding that public defender may act under color of state law when making hiring and firing decisions on behalf of the state), we conclude that the order Workman seeks to appeal is neither a final order nor an appealable

---

* The court separated Workman's claims against the other named Defendants into a separate action, concluding that Workman intended two separate complaints.

3

interlocutory or collateral order. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623–24 (4th Cir. 2015); *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066–67 (4th Cir. 1993). Accordingly, we dismiss this appeal for lack of jurisdiction and remand the case to the district court with instructions to allow Workman to amend his complaint. *See Goode*, 807 F.3d at 630. We deny Workman's motions for production of documents and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*

4